United States District Court
Southern District of Texas
**ENTERED**
January 11, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILLIAM KELLY VAUGHN, TDCJ # 01859690, | § § § § | |
| Plaintiff, VS. | § § § | CIVIL ACTION NO. 3:16-CV-0021 |
| STEVE MASSIE, ASST. REGIONAL DIRECTOR, *et al*, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William Kelly Vaughn filed this civil rights action claiming that his work assignment in the Texas Department of Criminal Justice–Correctional Institutions Division violated his medical restrictions. On September 6, 2018, the Court dismissed Vaughn's civil rights claims and entered final judgment. On December 13, 2018, Vaughn filed a motion that the Court will construe as a motion for reconsideration (Dkt. 64).[1]

Because the motion was filed more than twenty-eight days after judgment was entered, Federal Rule of Civil Procedure 60(b) applies. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Rule 60(b) is an uncommon means for relief,

---

[1] Vaughn captioned his motion "Motion, Appeal Request for Final Judgment." In the body of his motion, he discusses the facts of his claims and cites to multiple legal cases regarding *pro se* filings and Eighth Amendment law. His prayer for relief states, "With the court's familiarity with this case Mr. Vaughn asks a review of all that's presented now and what the courts have and make a judgment in Mr. Vaughn's favor granting him the relief requested for the pain and suffering . . . and reconsider its judgment on the summary judgment . . ." (Dkt. 64, at 4).

and "final judgments should not be lightly reopened." *Lowry Dev., L.L.C. v. Groves & Associates Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012) (internal citation, alteration, and quotation marks omitted). A Rule 60(b) motion may not be used to raise arguments that could have been raised prior to judgment or to argue new legal theories. *Dial One of the Mid-S., Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005).

The Court's prior opinion dismissed Vaughn's Eighth Amendment claims because the evidence in the record also shows without contradiction that Vaughn's work assignment accommodated all his medical restrictions. *See* Memorandum Opinion and Order (Dkt. 59). Vaughn's current motion contains argument that was or could have been made before entry of judgment and fails to present any argument warranting relief from the judgment under Rule 60(b). Therefore, the motion for reconsideration (Dkt. 64) is **DENIED**.

The Clerk will send a copy of this order to the parties.

SIGNED at Galveston, Texas, this 11th day of January, 2019.

_____
George C. Hanks Jr.
United States District Judge